J. RAMÍREZ VIÑAS, Petitioner and Appellant, *v.* SALVADOR T. ROIG, CHIEF OF THE INSULAR POLICE OF PUERTO RICO, ET AL., Respondents and Appellees.

No. 9840.   Argued March 1, 1949.—Decided March 16, 1949.

*J. Ramírez Viñas, pro se* and *C. Andréu Ribas* for petitioner. *Vicente Géigel Polanco, Attorney General (Luis Negrón Fernández, former Attorney General,* and *José C. Aponte, First Assistant Attorney General, on the brief)* and *Carlos Santana Becerra, Assistant Attorney General,* for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On September 25, 1946, the petitioner Juan Ramírez Viñas, who is an attorney at law and a resident of Río Piedras, presented to respondent Salvador T. Roig, in his capacity as Chief of the Insular Police of Puerto Rico, an affidavit wherein he set forth that he had in his possession a pistol; he attached thereto an internal revenue stamp of the class known as "Insular Police Pension Fund Stamp" for $1.00, and requested that the possession of said firearm be registered in his name.   On August 15 of the following year, the Chief of Police wrote to the petitioner informing him that

in order to be able to register the said pistol it was necessary for the petitioner to state under oath the manner in which he had obtained said firearm. The petitioner refused to furnish that information and on the 19th of that same month wrote to the appellee herein giving him three days to order his subordinates to register the firearm in question. Upon the said petitioner not receiving any answer within the above term, he applied to the District Court of San Juan for a writ of mandamus to compel the respondent Salvador T. Roig, in his above-mentioned capacity, as well as José Martínez, as Chief of Police of Río Piedras, to register the said firearm in his favor.

The alternative writ was issued and after the holding by the trial court of a so-called "pre-trial conference" that really was nothing else but the hearing of the proceeding, the case was submitted for decision. On February 13, 1948, said court rendered judgment denying the peremptory writ sought. Thereupon the petitioner appealed and in support of his appeal solely contends that said court "erred in denying the petition for mandamus on the ground that the respondent-appellee could request further information than that required by law."

■ Act No. 14 of July 8 of 1936 (Spec. Sess. Laws, p. 128), regulates the selling of firearms in Puerto Rico, orders the declaration however they may be possessed, prohibits the delivery thereof to certain persons, and imposes penalties for its violation. Section 7 of that same Act, as amended by Act. No. 95 of May 12, 1937 (Laws of 1937, p. 231), that "Every person who, for any reason, has any firearm in his possession when this Act takes effect, shall be obliged so to declare, in writing, not *later than the thirtieth day after the day on which is made the last publication of the edicts provided for in Section 9 of this Act*, to the Chief of the Insular Police of the district where he resides. Likewise, every person obtaining in any manner the control or possession of any firearm after this Act is in force shall be obliged so to declare,

in writing, to the chief of the Insular Police of the district where he resides. The declaration of the firearm shall be made through an affidavit, in duplicate, containing his full name, address, occupation, color, and his signature, or his thumb marks, if he does not know how to sign, and the caliber, kind, model, and factory number of the firearm he possesses. . . ."

If the appellant herein had requested the registration of the firearm within the thirty days following the publication of the edicts mentioned in § 9, it is unquestionable that it would have been unnecessary for him to furnish the information required by the defendant. It is conclusively so provided by the introductory paragraph of § 7, such as it has been copied above. However, the same Section in its second paragraph definitely provides that *"After the expiration of the term for the registration of firearms in the above-prescribed manner*, the fact of possessing a firearm the possession or control of which has been obtained without complying with the provisions of this Act, or of failing to declare it as provided in this Section, shall be *prima facie* evidence that such firearm has been obtained, is possessed, or is carried, illegally. . . ." Since the registration of the firearm was not requested within the thirty days following the publication of the edicts and, since, the presumption is that the pistol in question was obtained by the petitioner after the expiration of the said term of thirty days, it was incumbent upon him to show that the possession of the weapon conformed to the provisions of the Act. Said Act provides, in brief, that the word "firearm" means every pistol or revolver, shotgun, or rifle, the barrels of which are 12, 24, or 15 inches long, respectively; that no one may deliver a firearm to any person under eighteen years of age or to any person who has been convicted of a felony, or who is addicted to the use of drugs or is a habitual drunkard, or of unsound mind; that no vendor shall deliver a firearm to a purchaser until 48 hours have elapsed from the moment he asked to buy it; that when

asking to purchase a firearm the purchaser shall sign and deliver to the vendor a declaration, in triplicate, stating his full name, birthplace, address, occupation, color, whether married or single, and the day and hour of the application as well as the caliber, make, model, and factory number of the firearm he is going to purchase and an affirmation that he has never been convicted in this island or outside of it, of a felony; that no retail vendor shall sell a firearm without holding a license; that the Treasurer of Puerto Rico may grant licenses for selling firearms at retail and that no firearm shall be sold in violation of any of the provisions of this Act, or unless the vendor knows the purchaser personally or the latter presents clear proof of its identity; that any person who buys and/or sells a firearm without conforming to the provisions of this Act, shall be guilty of a misdemeanor; that the provisions of this Act shall not be applicable to antique firearms; that the violations of this Act shall be considered as a misdemeanor and that district courts shall have exclusive jurisdiction to take cognizance thereof, and that trials shall be held before a court without a jury.

When the Insular Chief of Police required the petitioner to inform him under oath how he had obtained the firearm, the former did nothing else but to require compliance with the provisions of the statute. Undoubtedly, his purpose was to ascertain whether the possession of the weapon conformed to the provisions of the Act.

It is true that the affidavit which, pursuant to § 7 should be filed when the registration of any firearm is requested, need not expressly state the manner in which said firearm was obtained by the petitioner. But that provision should not be construed separately, it should be so construed bearing in mind the other provisions of the Act, among which there appear some to be strictly complied with by the purchaser of the firearm. It was incumbent on the petitioner to show, we repeat, that the possession of the pistol was legal.

In order to justify the issuance of the writ of mandamus

against a public officer, the right of the petitioner, as well as the ministerial duty of the officer to comply with said right, should be clear and patent. *Balasquide* v. *Luján*, 45 P.R.R. 548, 561; *García* v. *Vivas*, 67 P.R.R. 782, 784. As it has not been shown that the petitioner has a clear right to the remedy sought, the lower court acted correctly in refusing to issue the writ sought.

The judgment appealed from should be affirmed.

Mr. Justice Negrón Fernández did not participate herein.